Matter of Prince M. (Conswaler F.) (2024 NY Slip Op 01311)

Matter of Prince M. (Conswaler F.)

2024 NY Slip Op 01311

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2023-06017
 (Docket Nos. N-1390-23, N-1391-23)

[*1]In the Matter of Prince M. (Anonymous). Administration for Children's Services, petitioner- respondent; Conswaler F. (Anonymous), appellant, et al., respondent. (Proceeding No. 1)
In the Matter of Preston I. (Anonymous). Administration for Children's Services, petitioner- respondent; Conswaler F. (Anonymous), appellant, et al., respondent. (Proceeding No. 2)

Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Lorenzo Di Silvio of counsel), for petitioner-respondent.
Liberty Aldrich, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated June 5, 2023. The order, after a hearing, denied the mother's application pursuant to Family Court Act § 1028 for the return of the subject children to her custody during the pendency of the proceedings.
ORDERED that the order is affirmed, without costs or disbursements.
In April 2023, the subject children were placed in the custody and care of the petitioner on an emergency basis, following the commencement of neglect proceedings against the father. In May 2023, the petitions were amended to include allegations of neglect against the mother. Thereafter, the mother made an application pursuant to Family Court Act § 1028 for the return of the children to her custody during the pendency of the proceedings. Following a hearing, the Family Court denied the application. The mother appeals.
An application pursuant to Family Court Act § 1028(a) for the return of a child who has been temporarily removed "shall" be granted unless the Family Court finds that "the return presents an imminent risk to the child's life or health." In determining the application, the court "must weigh, in the factual setting before it, whether the imminent risk to the child can be mitigated by reasonable efforts to avoid removal" (Nicholson v Scoppetta, 3 NY3d 357, 378; see Matter of [*2]Tymik R. [Tamika J.], 214 AD3d 737, 738). The court "must balance that risk against the harm removal might bring, and it must determine factually which course is in the child's best interests" (Nicholson v Scoppetta, 3 NY3d at 378; see Matter of Tymik R. [Tamika J.], 214 AD3d at 738). Here, the record provides a sound and substantial basis for the Family Court's denial of the mother's application for the return of the children to her custody during the pendency of the neglect proceedings (see Matter of Tymik R. [Tamika J.], 214 AD3d at 738; Matter of Alex A.E. [Adel E.], 103 AD3d 721, 722).
The mother's remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court